IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-CV-00745-WYD-KLM

ALEXANDER PRICE, individually
and on behalf of all other similarly situated,

    Plaintiff,

v.

1ST RATE ENERGY SERVICES, INC. and
TANDEM PROFESSIONAL EMPLOYER SERVICES, INC.

    Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

THIS MATTER comes before the Court on the Stipulation of the parties for the entry of a Protective Order in the above-entitled action as it relates to, deposition testimony and exhibits and information produced in this case including the disclosure requirements of F.R.C.P. 26 and responses to discovery requests:

IT IS HEREBY ORDERED, as follows:

1. Any document produced or received in this action by any party for inspection and/or copying, whether such production is made voluntarily in response to an informal request, in response to a formal discovery request by another attorney, pursuant to Order of Court, or in compliance with F.R.C.P. 26 may be designated as a confidential document by stamping or otherwise designating the document "Confidential." Such designation shall be made only upon the designating party's and counsel's good-faith belief that the material constitutes or contains

{00145495.2 }

proprietary information, confidential personal or financial information, trade secrets, confidential research or proprietary or confidential business information.

2. Neither the contents nor the substance of confidential documents or information may be disclosed to anyone other than the attorneys who are participating in the prosecution or defense of this action, legal support personnel employed by such attorneys, the Court, persons employed by the Court, the jury, duly qualified court reporters and videographers participating in these proceedings, persons who were the original authors or original recipients of the documents or information designated as "Confidential" in the ordinary course of business and the parties. In addition witnesses and deponents, expert witnesses and their staff or support personnel, and other persons only by consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered may be provided with Confidential information.

3. Confidential information, whether divulged through the use of this Order or other methods of discovery, shall not be used for any purpose other than pre-trial proceedings, preparation for trial, trial of this action, and appeals of part or all of this action.

4. Prior to disclosure of any designated confidential documents by counsel or their legal support staff to their witnesses, or consulting or testifying expert witnesses, counsel shall advise the person to whom confidential information is being disclosed of this Order.

5. If a party through inadvertence produces or provides discovery of any Confidential information without labeling or otherwise designating it under the terms of this Protective Order, the disclosing party may give written notice to the receiving party within ten (10) days of discovering the inadvertent failure to designate the material as Confidential, that the document, thing, or other discovery information, response, or testimony should be treated in accordance with the provisions of this Protective Order, provided that the party making the designation

provides properly designated replacement copies. The receiving party must treat the documents, things, information, responses and testimony as designated from the date the notice is received. Disclosure to a non-authorized person of the documents, things, information, responses, and testimony prior to receipt of the notice is not a violation of this Protective Order; however, the receiving party will notify those persons to whom disclosure was made that the disclosed material must thereafter be treated in accordance with this Protective Order.

6. Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of communications, documents, or information protected by the attorney-client privilege, work product doctrine, or any other privilege ("Privileged Material") shall not constitute a waiver of any privilege or other protection if the producing party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. The producing party will be deemed to have taken reasonable steps to prevent Privileged Material from inadvertent disclosure if that party utilized either attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools in screening for privilege, work product, or other protection. In the event of the inadvertent disclosure of Privileged Material, the producing party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within thirty (30) days from the date that the inadvertent disclosure was discovered or brought to the attention of the producing party, the producing party notifies the receiving party of the inadvertent disclosure and instructs the receiving party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced Privileged Material (including any and all work product containing such Privileged Material). Upon receiving such a request from the producing party, the receiving party shall promptly sequester, return, delete, or destroy all copies of such inadvertently produced

Privileged Material (including any and all work product containing such Privileged Material), and shall make no further use of such Privileged Material (or work product containing such Privileged Material). The receiving party also has an affirmative obligation to notify the producing party if it receives a communication, document, or information that appears on its face, whether due to express markings, content, author(s), or recipients, to constitute Privileged Material.

7. Nothing in this Order shall preclude any party or its attorneys from (a) showing a document designated Confidential at a deposition or other proceeding to an individual who prepared, received, reviewed or had access to the document prior to his or her deposition, (b) using at a deposition or other proceeding of an employee, former employee or expert of a party any document that the employee's or expert's party designated Confidential, or (c) disclosing or using, in any manner or for any purpose, any information or documents that the party itself has designated Confidential.

8. Information disclosed at any deposition in this lawsuit may be designated by any party as Confidential by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order. After the transcript is delivered, a party may also serve a Notice of Designation to all parties of record, as to specific portions of the testimony that are designated Confidential.

9. If transcripts of depositions, answers to interrogatories, motions, briefs or other pleadings are filed with the Court and include copies of documents subject to this Order, summarize material from such documents, or otherwise divulge confidential information, such pleadings or other papers shall be filed pursuant to the procedures set forth in the Local Rules of

Practice of the United States District Court for the District of Colorado, or directed by the Court, to seal or protect the confidential nature of such documents.

10. .In the absence of a stipulation of the parties or further order of the Court, the fact that a document or information divulged is designated Confidential shall not be admissible into evidence, nor shall the trier of fact be advised of such designation during the trial of this action. The designating party shall be entitled, but not required, not later than fifteen (15) days prior to the date set for trial, to copy and deliver at its own expense to the opposing party unmarked copies of documents containing Confidential Information.

11. Counsel are charged with the responsibility of advising their colleagues, associated attorneys, legal support personnel, parties, and consulting experts or expert witnesses (and their staff and/or support personnel) who are participating in the prosecution or defense of this action, and other persons to whom disclosure of any other parties' documents or Confidential information may be made pursuant to this Order, of the terms of this Order and their obligations thereunder. A party shall not be obligated to challenge the propriety of any designation of Confidential information at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this action disagrees at any stage of this action with any designation, such party shall provide written notice of its disagreement with the designation to the disclosing party, identifying the information to which the objection is made. The parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court [pursuant to MJ Mix's discovery procedures] after three (3) business days. The burden of proving that information has been properly designated as Confidential is on the party who or which designates the information as Confidential. Any party shall have the right to apply to the Court,

upon reasonable notice to the other party, *and pursuant to MJ Mix's discovery procedures* for any order permitting further disclosure or declassification of any document upon a showing that such an order is necessary for adequate preparation of the party's case or to otherwise protect the party's interest.

12. Upon final termination of this action, including all appeals, and no later than two years later, at the request of the producing party, the other party shall destroy or return to the requesting party all designated confidential documents produced in this action by that party, including any copies, extracts or summaries thereof, or documents containing information taken therefrom, but excluding any materials which, in the judgment of counsel, are work product materials. After final termination of this action, counsel will take reasonable steps to ensure the continued protection of information contained in work product materials. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

13. Nothing in this Order shall be deemed to require disclosure of confidential documents or information when such information or documents are protected from disclosure by either the presence of a privilege, trade secret status, or other classification prohibiting such disclosure or production. However, in such cases, logs of withheld or information shall be provided to the requesting party.

14. This Protective Order may be modified by the Court for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: August 17, 2015.

BY THE COURT:

_____
Kristen Mix
United States Magistrate Judge

{00145495.2}                                                                 6

APPROVED:

*s/Michael A. Josephson*
Michael A. Josephson
mjosephson@fibichlaw.com
Andrew W. Dunlap
adunlap@fibichlaw.com
Lindsay R. Itkin
litkin@fibichlaw.com
**FIBICH, LEEBRON, COPELAND,
BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
Telephone: 713.751.0025
Facsimile: 713.751.0030

-- and --

Richard J. (Rex) Burch
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

ATTORNEYS FOR PLAINTIFF

*s/ C. Forrest Morgan*
C. Forrest Morgan
Morgan & Associates, LLC
1873 S. Bellaire Street, Suite 1200
Denver, Colorado 80222
Telephone: (303) 743-0003
Email: forrest@morganlaw.net

-- and --

*s/David B. Seserman*
David B. Seserman
Brosseau Bartlett Seserman, LLC
6455 S. Yosemite Street, Suite 750
Greenwood Village, CO 80111
Telephone: (303) 812-1200
FAX: (303) 812-1212
Email: dseserman@bbs-legal.com

ATTORNEYS FOR DEFENDANT,
1ST RATE ENERGY SERVICES, INC.